IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:06-58 |
| v. | ) ) | JUDGE KIM R. GIBSON |
| POWER SOURCE SUPPLY, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court are Defendant's Motion To Stay Discovery (Document No. 29) and Plaintiff's Response thereto (Document No. 34), Defendant's Motion for Protective Order (Document No. 32) and Plaintiff's Response thereto (Document No. 33), and Plaintiff's Motion to Compel Discovery (Document No. 28) and Defendant's Response thereto (Document No. 30). Plaintiff filed its Complaint on March 13, 2006, premising this breach-of-contract action on the Parties' diversity of citizenship. Document No. 1. On July 6, 2006, Defendant objected to the Court's jurisdiction and filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2). Document No. 12. Briefing on that Motion was completed with Plaintiff's Surreply, filed on September 22, 2006. Document No. 24. Approximately two months later, the Court entered an Initial Scheduling Order, under which fact discovery was to conclude on April 1, 2007. Document No. 27.

On January 29, 2007, Plaintiff moved for an order compelling responses to its first set of interrogatories and document requests and to require that Defendant select a corporate designee under FED. R. CIV. P. 30(b)(6). Defendant has refused to participate in discovery out of concern that doing so would waive its jurisdictional objection and maintains that fact discovery on the merits is inappropriate in the Third Circuit while a Rule 12(b)(2) motion is pending. Document No. 30.

1

Accordingly, Defendant filed on February 2, 2007, its Motion to Stay Discovery, and, a week later, asked the Court for a protective order "to ensure that [Defendant's] rights and abilities to object to this Court's exercise of personal jurisdiction . . . are in no way jeopardized or prejudiced." Document No. 32, p. 3. For the following reasons, the Court shall grant Defendant's Motions and deny Plaintiff's.

The Court possesses broad discretion to control the scope of discovery. *Sempier v. Johnson & Higgins*, 45 F.3d 724 , 734 (3d Cir. 1995). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at **6-7 (E.D. Pa. Mar. 9, 1993). However, FED. R. CIV. P. 26(c) grants the Court "the power to enter a protective order on a showing of 'good cause' in order to protect a party from annoyance, embarrassment, oppression or undue burden or expense." *Worldcom Techs. Inc. v. Intelnet Int'l Inc.*, No. 00-2284, 2002 U.S. Dist. LEXIS 15892, at **18-19 (E.D. Pa. Aug. 22, 2002). Although a motion to dismiss does not automatically constitute good cause, where it "may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediq, Inc.*, No. 95-1831, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 4, 1995).

It is the practice of this Court that discovery proceed unless "the right to relief under the dispositive motion is clear or there is some other good reason." Practices & Procedures of Judge Kim R. Gibson, III.B.4, *available at* http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf. Where a motion to dismiss, if granted, would not fully dispose of a lawsuit, the Court engages in a more searching inquiry for good cause. However, consistent with the decision in *Weisman*, where, as here,

2

an objection to the Court's jurisdiction made under Rule 12 might compel the dismissal of an entire action, the Court finds that considerations of fairness and efficiency suggest the prudence of limiting discovery to those facts necessary to resolve the motion. Because the Parties in this matter have fully briefed the jurisdiction issue and await only the Court's ruling, discovery in this case shall be stayed and Defendant protected from the requests that Plaintiff has already propounded.

     An appropriate Order follows.

AND NOW, this 5th day of March, 2007, upon consideration of Defendant's Motion To Stay Discovery (Document No. 29) and Plaintiff's Response thereto (Document No. 34), Defendant's Motion for Protective Order (Document No. 32) and Plaintiff's Response thereto (Document No. 33), and Plaintiff's Motion to Compel Discovery (Document No. 28) and Defendant's Response thereto (Document No. 30), **IT IS HEREBY ORDERED** as follows:

1) Defendant's Motion To Stay Discovery (Document No. 29) is **GRANTED**. Accordingly, discovery in this matter is stayed and shall resume, if necessary, pursuant to the Court's ruling on Defendant's Motion to Dismiss (Document No. 12);

2) Defendant's Motion for Protective Order (Document No. 32) is **GRANTED**. Accordingly, Defendant need not respond to any discovery request Plaintiff has served in this matter;

3) Plaintiff's Motion to Compel Discovery (Document No. 28) is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

Cc: All counsel of record